# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TEMA KREMPLEY**, | Case No. 2:17-CV-01118 |
| Plaintiff, | |
| v. | Judge George C. Smith |
| **HAUGLAND LEARNING CENTER, LLC**, | Magistrate Judge Chelsey M. Vascura |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

**I.    INTRODUCTION**

The parties, by their undersigned counsel, stipulate to the following provisions of this Stipulated Protective Order, which is entered pursuant to Federal Rule of Civil Procedure 26(c).

**II.   SCOPE OF STIPULATED PROTECTIVE ORDER**

In the course of discovery in this action, the parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, non-public research and development, commercial or financial information, or other information that may cause harm to the producing party or a non-party. This discovery may include information such as employee personnel files containing personal information about the parties and non-parties, protected medical and health information, financial information, and competitive commercial information. This information may be deemed confidential, as described below, and require certain protections to maintain the security and confidentiality of the information.

## III. DESIGNATION OF PROTECTED INFORMATION

A. <u>Scope</u>: This Order governs the production and handling of any protected information in this action. Any party or non-party who produces protected information in this action may designate it as "Confidential" or "Attorneys' Eyes Only" consistent with the terms of this Order (collectively referred to as "Protected Information"). "Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed. Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contains the protected information and refrain from designating entire documents. Nothing in this Order restricts a Designating Party's ability to use its own designated materials as it chooses. Such use shall not operate as a de facto waiver of the protections of this Order. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and Local Rule 37.1.

B. <u>Application to Non-Parties</u>: Before a non-party is given copies of Protected Information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms and that is attached hereto as Exhibit A. If the non-party fails to do so, the parties to this action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

C. <u>Timing and Provisional Protection</u>: Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate

information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as Confidential or Attorneys' Eyes Only as part of one or more depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

D. <u>Manner of Designation</u>: Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm in writing the designation. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "Confidential" or "Attorneys' Eyes Only" on each designated page of the document or electronic image.

E. <u>Definition of "Confidential" Information</u>: "Confidential" information as used herein means information that the Designating Party reasonably and in good faith believes contains or reveals (1) trade secrets; (2) financial information, including the numeric quantifications of projected or actual sales, revenues, income, costs, expenses profits, earnings, or market shares; (3) information concerning competitors; (4) confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the parties to this action have had business relationships; (5) personnel records, employment or other contracts, and salary or other compensation information; and (6) other information that any party reasonably and in good faith treats as confidential in the usual and ordinary course of its business, whether it

is information contained in a document, information revealed during a deposition or other pretrial testimony, information revealed in an interrogatory answer or information otherwise revealed. Depending on the nature of information exchanged in discovery, examples of "Confidential" information may also include medical records and other medical information that would be protected by federal and state law. "Confidential" information shall expressly exclude any information that is public knowledge through no fault of the parties, their counsel, or any other parties identified in Paragraph V, *infra*, or is otherwise obtained through sources and means independent of and without reference to the "Confidential" information.

F. **Definition of "Attorneys' Eyes Only" Information**: Any "Confidential" information may be further designated as "Attorneys' Eyes Only." The "Attorneys' Eyes Only" designation is reserved for material meeting the definition of "Confidential" information that constitutes proprietary financial or technical data or commercially sensitive information, including but not limited to strategic plans, settlement agreements, settlement communications, and other information that would cause harm to the Designating Party should another person or and/or entity have access to it.

IV. **CHALLENGES TO DESIGNATED INFORMATION**

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to Local Rule 37.1. The Receiving Party must provide written notice of the challenge and the grounds supporting the objection to the Designating Party, who must respond in writing to the challenge within 15 days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and production level. Unless and until the challenge is resolved by the parties or ruled upon by

the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

V.     **LIMITED ACCESS/USE OF PROTECTED INFORMATION**

A.     <u>Restricted Use</u>:  Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designated Party.  No designated information may be disclosed to any person except in accordance with the terms of this Order.  All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained.  This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena seeking production or disclosure of Protected Information and consulting with the Designating Party before responding to the subpoena.  Any use or disclosure of Protected Information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

B.     <u>Access to "Confidential" Information</u>:  The parties and all persons subject to this Order agree that information designated as "Confidential" may only be accessed or reviewed by the following:

1.     The Court, its personnel, and court reporters;

2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

3. The parties, including their agents and employees who are assisting or have reason to know of this action, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

4. Experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; and

5. Other witnesses or persons with the Designating Party's consent or by court order.

C. <u>Access to "Attorneys' Eyes Only" Designations</u>: The parties and all persons subject to this Order agree that information designated as "Attorneys' Eyes Only" may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;

2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

3. Experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has

signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; and

    4.    Other witnesses or persons with the Designating Party's consent or by court order.

D.    <u>Review of Witness Acknowledgments</u>:  At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of Exhibit A in any Receiving Party's possession.  The Receiving Party must, within 3 business days of the demand, provide all such copies to the Designating Party making the demand.  Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts, whose acknowledgments must later be provided contemporaneously with any reports issued by one or more of said experts.  If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party.  However, if the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of Protected Information, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

E.    <u>Non-Waiver Effect of Designations</u>:  Neither the taking of, nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that Protected Information is or is not

confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

F. <u>In-Court Use of Designated Information</u>: If Protected Information will or may be offered in evidence at a hearing or trial, then the offering party must give advance notice to the party or non-party that such information will be used prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*.

Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

G. <u>Improper Disclosure of Protected Information</u>: If Protected Information is disclosed to any person other than in a manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Designating Party and, if appropriate, to the Court. The party responsible for the improper disclosure must take all reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of such information. The Designating Party may, and its discretion, seek appropriate legal relief if necessary to protect its interest including, but not limited to, filing motions with the Court requesting such relief.

## VI. CLAW-BACK REQUESTS

A. <u>Failure to Make Designation</u>: If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute protection of the newly-designated information. Within 30 days of receiving the claw-back

notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistent with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

B.Inadvertent Production of Privileged Information:If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Federal Rule of Civil procedure 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The production or disclosure of attorney/client, work-product, or trial preparation materials shall not be deemed a waiver of any claims of privilege or other protections in any suit pursuant to Federal Rule of Evidence 502 regardless of the circumstances (*i.e.*, regardless of reasonableness). Upon notice of a claim of disclosure, the Receiving Party must thereupon comply with Federal Rule of Civil Procedure 26(b)(5) as to the information subject to the claimed protection. The parties must also comply with Local Rule 37.1 before seeking Court intervention to resolve any related dispute.

## VII. DURATION/CONTINUED RESTRICTIONS

A. <u>Handling of Designated Information Upon Conclusion of Action</u>: Upon conclusion of this action, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any party or person to whom the party shared or disclosed Protected Information in this action returns or destroys all of its copies, regardless of the medium in which it was stored. Within 60 days after the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) must certify to each Designating Party that all designated information hereunder has been destroyed by all parties and witnesses for whom that party is responsible. No witness or party may retain Protected Information that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party any extra steps taken to seal its legal file containing paper and/or electronic copies of the Protected Information so that it is not accessed, used, or disclosed inconsistent with the obligations under this Order. This provision does not apply to the Court or Court staff.

B. <u>Confidential Restrictions Under Order</u>: The restrictions on disclosure and use of Protected Information survive the conclusion of this action.

## VIII. REQUESTS TO SEAL

This Order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal and any party that opposes its maintenance under seal, must comply with the Local Rules of this Court.

**AGREED TO AND TENDERED BY:**

| | |
|---|---|
| /s/ *Mark C. Zronek* | /s/ *Janay M. Stevens* |
| James S. Mowery (0040227) (Trial Attorney) | Thomas J. Bonasera (0021783) (Trial Attorney) |
| Mark C. Zronek (0095639) | Janay M. Stevens (0090515) |
| Mowery Youell & Galeano, Ltd. | Dinsmore & Shohl LLP |
| 485 Metro Place South, Suite 220 | 191 West Nationwide Blvd., Suite 300 |
| Dublin, Ohio 43017 | Columbus, Ohio 43215 |
| Telephone: (614) 764-1444 | Telephone: (614) 628-6880 |
| Facsimile: (614) 760-8654 | Facsimile: (614) 628-6890 |
| Email: jsm525@aol.com; mzronek@myglaw.com | Email: thomas.bonasera@dinsmore.com; janay.stevens@dinsmore.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

**SO ORDERED.**

DATE: 2/14/18

/s/ *Chelsey M. Vascura*
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TEMA KREMPLEY**, | Case No. 2:17-CV-01118 |
| **Plaintiff**, | |
| v. | Judge George C. Smith |
| **HAUGLAND LEARNING CENTER, LLC**, | Magistrate Judge Chelsey M. Vascura |
| **Defendant**. | |

## STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio (Eastern Division) in matters relating to the Order. Further, the undersigned understands that the terms of the Order obligate him/her to use documents designated Confidential in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Name: _____

Address: _____

Date: _____

Signature: _____